# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIL MASHIRI,<br><br>                                   Plaintiff,<br>  vs.<br>DEPARTMENT OF EDUCATION, et al.,<br><br>                                   Defendants. | CASE NO. 09cv1877 WQH (AJB)<br>**ORDER** |

HAYES, Judge:

The matter before the Court is Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment. (Doc. # 5).

### BACKGROUND

On August 28, 2009, Plaintiff Asil Mashiri initiated this action by filing a petition for a writ of mandamus. (Doc. # 1). Plaintiff seeks a writ of mandamus directing the Secretary of the United States Department of Education to grant his 2008-2009 FAFSA application for student aid and issue a 2008-2009 Stafford loan to pay for his tuition at Thomas Jefferson School of Law ("Thomas Jefferson"). *Id.* at 8.[1] Plaintiff contends his application was erroneously denied on the grounds that he was an ineligible non-citizen. *Id.* at 1. At the time he applied, Plaintiff was in the process of obtaining asylum. *Id.* at 6. On January 29, 2010,

---

[1] Although Plaintiff also named the Department of Homeland Security, the United States Citizenship and Immigration Service, William J. Taggart, Janet Napolitano, Michael Aytes, and F. Gerard Heinaure as defendants, Plaintiff's prayer for relief only requests a writ of mandamus against the Department of Education. *See id.* at 8.

Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. # 5).

## ANALYSIS

Defendants contend that the petition should be dismissed for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim. (Doc. # 5-1 at 2). Defendants contend that this Court lacks jurisdiction because Plaintiff does not have a clear right to aid, which would be required for this court to grant a writ of mandamus. *Id.* at 14-15. Defendants contend that this court lacks jurisdiction because the United States has not waived sovereign immunity. *Id.* at 16-17. Defendants contend that even if the Court has jurisdiction, Plaintiff's complaint fails to state a claim for relief because Petitioner was not eligible to receive student aid due to his immigration status. *Id.* at 20-21. Defendants contend that eligibility for federal public benefits, including federal financial aid, is governed by 8 U.S.C. § 1641(b), which does not allow applicants for asylum who do not have legal status to receive aid. *Id.* at 10.

Plaintiff contends that the Ninth Circuit previously held that Plaintiff suffered past persecution, and that he was automatically subject to mandatory withholding of deportation.[2] (Doc. # 6 at 11-12). Plaintiff contends that he was therefore a qualified alien under 8 U.S.C. § 1641(b)(5) at the time his financial aid was denied and that was entitled to receive financial aid. *Id.* at 12. Plaintiff contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1361, and that the Higher Education Act waives sovereign immunity. (Doc. # 6 at 17-18 (*citing* 20 U.S.C. § 1082(a)(2)). Plaintiff contends that the United States Customs and Immigration Service ("USCIS") failed to properly and diligently complete the verification form that Thomas Jefferson sent in as required. (Doc. # 6 at 20). Plaintiff contends that Thomas Jefferson is required to rely on USCIS's determination of Plaintiff's

---

[2] "Withholding of deportation" is now called "withholding of removal" because the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) replaced both exclusion and deportation proceedings with a single process known as removal. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir. 2003). Whether Plaintiff would have been eligible for withholding of deportation under the pre-IIRIRA standard or withholding of removal under the post-IIRIRA standard is not clear from the record because none of the materials before the Court state the date Plaintiff's immigration proceedings began. *See Kalaw v. INS*, 133 F.3d 1147, 1149-50 (9th Cir. 1997). The distinction is irrelevant for the purposes of this case.

immigration status on Form G-845 and that it was ultimately the Department of Education which denied his aid. *Id.* at 21. Therefore, Plaintiff contends that he does state a claim against USCIS and the Department of Education. *Id.* at 21-22.

In their reply brief, Defendants contend that none of the statutes Plaintiff cited confer jurisdiction on this Court. (Doc. # 7 at 1). Defendants contend that Plaintiff was not eligible to receive federal financial aid because at the time he applied, his immigration status was that of an alien who had overstayed a temporary visitor visa, not an alien with lawful status in the United States. *Id.* at 4.

Pursuant to 28 U.S.C. § 1361, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 1361 does not waive the sovereign immunity of the United States. *Hou Hawaiians v. Cayetano*, 183 F.3d 945, 947 (9th Cir. 1999). The Higher Education Act, however, includes a provision which allows the Secretary of Education to sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States. 20 U.S.C. § 1082.

This Court therefore has jurisdiction over Plaintiff's action and must determine whether Plaintiff has stated a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true

allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

In order to state a claim for relief pursuant to 28 U.S.C. §1361, Plaintiff must allege facts which, if proven, would establish that he was clearly entitled to receive federal financial aid. *See Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) ("Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if . . . the individual's claim is clear and certain . . . ."). An alien is eligible to receive federal public benefits if he or she meets the definition of "qualified alien" in 8 U.S.C. § 1641(b):

> For purposes of this title, the term "qualified alien" means an alien who, at the time the alien applies for, receives, or attempts to receive a Federal public benefit, is--
>
> (1) an alien who is lawfully admitted for permanent residence under the Immigration and Nationality Act,
>
> (2) an alien who is granted asylum under section 208 of such Act,
>
> (3) a refugee who is admitted to the United States under section 207 of such Act,
>
> (4) an alien who is paroled into the United States under section 212(d)(5) of such Act for a period of at least 1 year,
>
> (5) an alien whose deportation is being withheld under section 243(h) of such Act (as in effect immediately before the effective date of section 307 of division C of Public Law 104-208) or section 241(b)(3) of such Act (as amended by section 305(a) of division C of Public Law 104-208),
>
> (6) an alien who is granted conditional entry pursuant to section 203(a)(7) of such Act, or
>
> (7) an alien who is a Cuban and Haitian entrant (as defined in section 501(e) of the Refugee Education Assistance Act of 1980).

8 U.S.C. § 1641(b).

Although Plaintiff asserts he meets the criteria for "qualified alien" status pursuant to 8 U.S.C. § 1641(b)(5), Plaintiff was not "an alien whose deportation is being withheld under section 243(h)" of the Immigration and Nationality Act. *See* 8 U.S.C. § 1227. Plaintiff contends that the Ninth Circuit's determination that Plaintiff was subject to past persecution, made in the course of adjudicating his mother's immigration appeal, means that "withholding of deportation was implied by law." *See* Doc. # 6 at 10. However, withholding of removal is an affirmative form of immigration relief, *see Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001), which did not automatically take effect based on this factual finding in his mother's immigration appeal.[3] When Plaintiff's mother's case was decided, Plaintiff's own appeal of his immigration case was pending before the Ninth Circuit. The Ninth Circuit remanded Plaintiff's case for reconsideration in light of its ruling in Plaintiff's mother's case. At that point, Plaintiff's immigration proceedings were terminated, but he did not receive withholding of removal as a result of that termination. *See* Doc. # 1, Ex. 1. Rather, he still had to apply for asylum based on his mother's status as an asylee. *See* Doc. # 1 at 3 ("Pursuant to instructions from the Immigration Judge, [Plaintiff] filed [an] I-730 Refugee Asylee Relative Petition, with the Nebraska Service Center (NSC) with a request that the case be accepted even though more than two years had passed from the approval of Petitioner's mother['s] asylum application . . . ."). Therefore, Plaintiff did not have any legal status that would make him eligible for federal financial aid when he applied for the 2008-2009 school year. Because Plaintiff has not plead facts which could establish a "clear and certain" claim to federal financial aid, his claim for mandamus fails. *See Kildare v. Saenz*, 325 F.3d at 1084. Plaintiff's complaint is dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. # 5) is **GRANTED**. Plaintiff's complaint is **DISMISSED**.

---

[3] A finding of past persecution creates only a rebuttable presumption of eligibility for withholding of removal. *See Hanna v. Keisler*, 506 F.3d 933, 940 (9th Cir. 2007).

Plaintiff may file a motion for leave to amend the complaint within thirty days of the date of this order. Plaintiff must obtain a hearing date pursuant to the Local Rules of Civil Procedure before filing any motion for leave to amend. In the event no motion is filed, the Court will close the case.

DATED: May 6, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge